**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No.     17-cv-1480-WJM-STV
*Consolidated with Civil Action Nos.*    17-cv-1518-WJM-TV
                                      17-cv-1562-WJM-STV
                                      17-cv-1899-WJM-STV
                                      17-cv-1908-WJM-STV
                                      17-cv-1979-WJM-STV

ADAM FEDERSPILL,
MATTHEW NEELY,
RICHARD CLYMO,
ALLEN HAGERMAN,
DONALD GILMORE, and
ERIC IVERSON,

     Plaintiffs,[1]

v.

     DENVER PUBLIC SCHOOLS,

     Defendant.
_____

**ORDER ADOPTING SEPTEMBER 12, 2018 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before the Court on the September 12, 2018 Recommendation of

United States Magistrate Judge Scott T. Varholak (the "Recommendation") (ECF No.

127) that Defendant's Motions to Dismiss (ECF Nos. 74-79), be granted in part and

denied in part.  The Recommendation is incorporated herein by reference.  *See* 28

U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

_____

[1] Mr. Neely and Mr. Clymo's actions were consolidated with the lead case by ECF No.
13.  Mr. Hagerman, Mr. Gilmore, and Mr. Iverson's actions were consolidated with the lead case
by ECF No. 42.

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 127 at 35.) Despite this advisement, no objections to the Magistrate Judge's Recommendation have to date been received.

The Court concludes that the Magistrate Judge's analysis was thorough and sound, and that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

The Court notes that the United States Court of Appeals for the Tenth Circuit has stated that when a complaint (rather than an action) is dismissed and the "district court dismissal expressly *denies* the plaintiff leave to amend, or the district court's grounds for dismissal are such that the defect cannot be cured through an amendment to the complaint," such dismissal is "for practical purposes of the entire action and therefore final." *Moya v. Schollenbarger*, 465 F.3d 444, 450–51 (10th Cir. 2006). Here, Judge Varholak recommended dismissing Mr. Hagerman and Mr. Gilmore's Complaints with prejudice. (ECF No. 127 at 24–29.) For the reasons discussed above, the Court adopts Judge Varholak's Recommendation. The Court will also go one step further and make explicit what is implicit in the Recommendation, namely dismiss Mr. Hagerman and Mr. Gilmore's actions in addition to their complaints.

In accordance with the foregoing, the Court ORDERS as follows:

(1)     The Magistrate Judge's Recommendation (ECF No. 127) is ADOPTED in its
        entirety;

(2)     Defendant's Motion to Dismiss [some of] Mr. Federspill's claims (ECF No. 74) is
        GRANTED.  Mr. Federspill's Title VII pattern and practice claim and his torture
        claim are DISMISSED WITH PREJUDICE, and his state law claims are
        DISMISSED for lack of jurisdiction.  Mr. Federspill's punitive damage request is
        STRICKEN WITH PREJUDICE.  Mr. Federspill's Title VII discrimination,
        retaliation, and hostile work environment claims are allowed to proceed;

(3)     Defendant's Motion to Dismiss Mr. Neely's Complaint (ECF No. 75) is GRANTED
        in PART and DENIED in PART.  The Motion is GRANTED to the extent it seeks
        dismissal of Mr. Neely's Complaint but DENIED to the extent that it seeks
        dismissal with prejudice.  Mr. Neely's Complaint (ECF No. 14) is DISMISSED
        WITHOUT PREJUDICE and Mr. Neely is GRANTED LEAVE to file an amended
        complaint no later than **November 9, 2018**;

(4)     Defendant's Motion to Dismiss Mr. Clymo's Complaint (ECF No. 76) is GRANTED
        IN PART and DENIED IN PART.  Mr. Clymo's hostile work environment claim is
        allowed to proceed.  The Motion is GRANTED to the extent it seeks dismissal of
        Mr. Clymo's discrimination claim and retaliation claims but DENIED to the extent
        that it seeks dismissal with prejudice.  Those claims are DISMISSED WITHOUT
        PREJUDICE and Mr. Clymo is GRANTED LEAVE to file an amended complaint no
        later than **November 9, 2018**. Mr. Clymo's request for punitive damages is

STRICKEN WITH PREJUDICE;

(5) Defendant's Motion to Dismiss Mr. Iverson's Complaint (ECF No. 79) is GRANTED IN PART and DENIED IN PART. Mr. Iverson's hostile work environment is allowed to proceed. The Motion is GRANTED to the extent it seeks dismissal of Mr. Iverson's pattern and practice claim, and the pattern and practice claim is DISMISSED WITH PREJUDICE. The Motion is GRANTED to the extent it seeks dismissal of Mr. Iverson's discrimination and retaliation claims but DENIED to the extent that it seeks dismissal of those claims with prejudice. Mr. Iverson is GRANTED LEAVE to file an amended complaint no later than **November 9, 2018**;

(6) Defendant's Motion to Dismiss Mr. Hagerman's Complaint (ECF No. 77) is GRANTED and the Hagerman Complaint (ECF No. 42) and the Hagerman action (No. 17-cv-1899) are DISMISSED WITH PREJUDICE. The Clerk SHALL TERMINATE No. 17-cv-1899. Mr. Hagerman and Denver Public Schools shall bear their own fees and costs;

(7) Defendant's Motion to Dismiss Mr. Gilmore's Amended Complaint (ECF No. 78) is GRANTED and the Gilmore Amended Complaint (ECF No. 95) and the Gilmore action (No. 17-cv-1908) are DISMISSED WITH PREJUDICE. The Clerk SHALL TERMINATE No. 17-cv-1908. Mr. Gilmore and Denver Public Schools shall bear their own fees costs; and

(8) The Court and the parties shall update their captions consistent with this Order and delete any further reference to Civil Actions 17-cv-1899 and 17-cv-1908 in the caption of any future filing.

Dated this 4th day of October, 2018.

BY THE COURT:

_____

William J. Martínez
United States District Judge